UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

LOWELL GENE CHRISTIE,           )
                                )
        Plaintiff,              )
                                )
vs.                             )   CIVIL ACTION No. CV-96-S-3069-NE
                                )
THE CITY OF CULLMAN, ALABAMA,   )
and its council members,        )
et al.,                         )
                                )
        Defendants.             )

ENTERED
JAN 30 1997

## MEMORANDUM OPINION

This action is before the court on defendants' motion to dismiss. The motion was set for argument on the motion docket scheduled for January 28, 1997, commencing at 10:00 o'clock a.m. However, neither plaintiff's counsel nor any attorney for the moving defendants appeared.

Plaintiff alleges a violation of his First and Fourteenth Amendment rights to the United States Constitution and violations of the Constitution of Alabama. Upon consideration of the motion and pleadings, this court is of the opinion that defendants' motion is due to be denied.

### I. STANDARD OF REVIEW

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232-2233 (1984); *Wright v. Newsome*, 795 F.2d 964, 967

(11th Cir. 1986). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon*, 467 U.S. at 73, 104 S.Ct. at 2232-33.

## II. FACTS

This action is brought by a former employee of Cullman County, Alabama, against several municipal officials and the municipality itself. Plaintiff Lowell Gene Christie alleges that he was an active and vocal member of an association of county road employees seeking the assistance of a union (the American Federation of State, County, and Municipal Employees) to improve their working conditions. Plaintiff avers that the county commissioners were angered by his union activities and his willingness to protest and, consequently, retaliated against him by terminating his employment. (Complaint at ¶ 4(b).)

The confrontation that lead to plaintiff's termination involved the posting of notices of union meetings on break room vending machines (allegedly with permission of employees for the vending machine owner). Those notices were frequently destroyed or removed. On September 19, 1996, plaintiff witnessed a secretary remove a notice from a vending machine; he sharply remonstrated her "to leave the damn signs alone."[1] (Complaint at ¶ 4(c).) The following day plaintiff was suspended from work; and, on September 23, 1996, he was terminated. (Complaint at ¶ 4(e).) Plaintiff appealed his termination to the county personnel board. The board

---

[1] Lowell Christie's "Employee Disciplinary Report" states that he also called the secretary a "fat-assed bitch" in the presence of others. (Plaintiff's Exhibit 1.)

2

recommended that plaintiff be reinstated,[2] but the Cullman County Commission refused to follow that recommendation. (Complaint at ¶ 4(d).)

Following his termination, plaintiff (and other employees or supporters) attempted to picket the courthouse, but plaintiff was informed by the city's chief of police that a permit was required for picketing activity involving more than one person. Plaintiff attained a permit to picket in accordance with city ordinance 12-52. The permit required plaintiff to sign a "hold harmless" agreement and limited him to four pickets. The permit allowed plaintiff to picket from October 28, 1996 through November 11, 1996, between the hours of 7:00 a.m. and 4:30 p.m., except on November 5, 1996, when his picketing was limited to the hours between 9:00 a.m. and 2:00 p.m. On that latter date, plaintiff persisted in picketing beyond 2:00 p.m., was arrested, and charged with violation of ordinance 12-52.

Plaintiff claims that his right to picket is protected by the the United States Constitution and the Alabama Constitution, and that ordinance 12-52 places unconstitutional limitations on his First Amendment right to free speech. Plaintiff contends that: no citizen need first sign a "hold harmless" agreement or attain a permit from the government to picket on a public street; and, a city cannot regulate the exercise of First Amendment rights by number of persons, time of day, or day of week. Plaintiff also

---

[2]Plaintiff's Exhibit 2.

alleges that "the county terminated him on account of his activities protected by the Constitution."

### III. CONSTITUTIONAL CLAIMS

Plaintiff apparently brings this action directly under the First and Fourteenth Amendments to the United States Constitution. However, where a plaintiff claims that his constitutional rights have been violated by an official acting under color of state law, 42 U.S.C. § 1983 provides the appropriate remedy. In fact, where relief is available under 42 U.S.C. § 1983, courts have refused to allow actions directly under the Constitution. *Williams v. Bennett*, 689 F.2d 1370 (11th Cir. 1982); *Thomas v. Shipka,* 818 F.2d 496 (6th Cir. 1987); *Ward v. Caulk*, 650 F.2d 1144 (9th Cir. 1981); *see also,* Charles R. Richey, *Manual on Employment Discrimination Law and Civil Rights Actions in the Federal Courts* § 5.10 (1995). Therefore, under Rule 8 "notice pleading," this court will, in the interest of judicial economy, construe the complaint as an attempt to assert a plausible claim under 42 U.S.C. § 1983.

### IV. CONCLUSION

Defendant's motion to dismiss is due to be denied. An Order consistent with this memorandum opinion will issue contemporaneously herewith.

DONE this 30th day of January, 1997.

_____
United States District Judge

4